Mark Williams, Esq.
LAW OFFICES OF MARK E. WILLIAMS, P.C.
201 Iris Building
315 S. Marine Corps Drive
Tamuning, Guam 96913
Telephone: 647-LAWS (5297)
Facsimile: 647-5296
Attorneys for Plaintiff

**FILED**
DISTRICT COURT OF GUAM
OCT -3 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT
OF GUAM

ELOISON GALANG,

                Plaintiff,

vs.

FOREMOST FOODS
d.b.a. COCA-COLA BEVERAGE CO. (GUAM), Inc.,
DOES 1 THROUGH 10, INCLUSIVE;

                Defendants

CIVIL CASE NO. 05-00029

COMPLAINT FOR DAMAGES
FOR VIOLATION OF TITLE VII,
42 U.S.C. §2000e;
NEGLIGENCE;
BREACH OF IMPLIED
COVENANT OF GOOD FAITH
AND FAIR DEALING;
BREACH OF CONTRACT;
WRONGFUL DISCHARGE;
INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 and is brought in response to unlawful employment practices on bases including but not limited to discrimination. The Defendant(s) constructively and unlawfully terminated Plaintiff from his position of employment with Defendant(s) due to discrimination and other unlawful employment practices as detailed further herein.

## JURISDICTION

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e.

2. Within 180 days after the alleged unlawful employment practice hereinafter set forth, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission satisfying the requirements of 42 USC § 2000e-5, and on or after July 5, 2005, less than 90 days prior to the filing of this Complaint, the Plaintiff received a Notice of Rights letter from the Commission with respect to commencing this action based on the charges set forth below.

## PARTIES

3. Plaintiff at all times relevant herein was and is a resident of Guam and was employed by the Defendant.

4. At all times material herein, Defendant FOREMOST FOODS, d.b.a. COCA-COLA BEVERAGE CO., (GUAM), INC., (hereafter "FOREMOST") was and is a corporation doing business in Guam within this judicial district. Furthermore, and at all relevant times, this Defendant is and has been a covered entity under 42 USC 2000e(b), (c) or (d).

5. At all times mentioned herein, Defendant FOREMOST engaged in an industry affecting commerce and employs in excess of fifteen (15) employees and at all relevant times, any such relevant FOREMOST employees were acting within the course and scope of their employment, and as such, Defendant FOREMOST is fully liable for all the acts of it's employees under the doctrine of Respondeat Superior.

6. Plaintiff is informed and believes and thereupon alleges, that each of said Defendants and its employees are jointly and severally liable as the principal, officer, agent, master, servant, employer, employee and partner of each of the other

Defendants and was in doing the acts complained of herein, acting within the scope of his, her or its said agency, employment or partnership.

7. At all times material herein, 42 U.S.C. §2000e et. seq. has been fully in force and effect and binding upon Defendant. Such section requires Defendant to refrain from violating the rights of any of its employees.

## BACKGROUND

8. Prior to his wrongful termination, Plaintiff had been employed by the Defendant since December 1987, and was an employee within the meaning of 42 U.S.C. §2000e(f).

9. On or about December 16, 1987, Defendant asked Plaintiff and Plaintiff agreed to work for Defendant.

10. Plaintiff entered into performance of this employment agreement in December 1987 and devoted his time, energy and best judgment exclusively to the business interests of Defendant.

11. From December 1987 until June 7, 2004, pursuant to the employment agreement, Plaintiff continued to work and perform as a Salesman on behalf of Defendant, following a daily schedule of hours for reporting to work and performing other tasks of an hourly employee and other errands and duties as assigned.

12. During Plaintiff's employment, not once was there any complaint, reprimand or any other form of discipline or adverse action taken for poor performance of any kind prior to June 7, 2004.

13.   Plaintiff continued in the service of Defendants and performed all of the conditions of the agreement until June 7, 2004, when Plaintiff was terminated from working for Defendant.

14.   Defendant failed and refused to comply with the terms and conditions of the aforementioned agreement, although Plaintiff has performed all of the terms and conditions of the agreement to be performed on Plaintiff's part.

15.   After the time of hiring, Plaintiff was wrongfully discharged after being falsely accused of theft.

16.   Plaintiff was wrongfully discharged in order to remove Plaintiff from his position due to his age.

17.   During all relevant times, FOREMOST management personnel were very much aware of the discrimination against the Plaintiff, yet ignored the discrimination, continued to fail to adequately supervise the workplace, or to train employees to prevent such discrimination in the workplace.

## FIRST CAUSE OF ACTION FOR
## VIOLATIONS OF TITLE VII AGAINST DEFENDANT FOREMOST

18.   Plaintiff repeats and realleges each and every previous paragraph of his Complaint as though fully set forth here at length.

19.   The result of Defendant's actions described above has been the termination of Plaintiff and the deprivation of Plaintiff's civil rights of equal employment opportunity.

20. Furthermore, as a proximate result of the Defendant(s) wrongful conduct, Plaintiff suffered and continues to suffer from loss of past, present and future wages, loss of employment benefits including lost value of retirement benefits and annual leave and medical and dental insurance, damaged credit, and defense costs of this action, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

21. As a further direct and proximate result of the wrongful conduct of the Defendant(s), Plaintiff has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION FOR NEGLIGENCE

22. Plaintiff repeats and realleges each and every previous paragraph of his Complaint as though fully set forth here at length.

23. At all times relevant herein, Defendant FOREMOST had a duty to supervise and control the conduct and actions of its employees and ensure that the rights of employees with regards to matters including but not limited to discrimination were not violated.

24. Defendant FOREMOST and it's employees were negligent in their supervision and in the aforementioned conduct towards Plaintiff.

25. As a proximate result of the Defendant FOREMOST's negligence, Plaintiff has suffered and continues to suffer from loss of past, present and future wages, loss of employment benefits including the lost value of retirement benefits and annual leave

and medical and dental insurance, and costs of this lawsuit, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

26. As a further direct and proximate result of the negligence of the Defendant on the aforementioned date, Plaintiff has been damaged in an amount to be proven at trial.

### THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

27. Plaintiff repeats and realleges each and every previous paragraph of his Complaint as though fully set forth here at length.

28. In acting as alleged herein, Defendants have wrongfully and unreasonably breached express and implied promises and its duty implied in its employment agreement with Plaintiff to deal fairly and in good faith with Plaintiff.

29. As a direct and legal result of the conduct of Defendants, Plaintiff sustained substantial economic losses, including past and future compensation, other economic benefits, attorney's fees and litigation expenses. Plaintiff has also sustained loss of financial stability, peace of mind, and future security and has suffered embarrassment, humiliation, mental and emotional distress and discomfort, all to his detriment and damage in an amount to be proven at trial.

30. Defendants' conduct was and is willful and malicious and thereby entitles Plaintiff to recovery of exemplary and punitive damages in the amount of $25,000.00.

### FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT

31. Plaintiff repeats and realleges each and every previous paragraph of this Complaint as though fully set forth here at length.

32. At all times relevant to this action, Defendant has represented to its employees in various writings, including but not limited to, Employment Agreements, Employment Handbook, past practices, personnel policy and procedure communications, and employee guidelines, that their employment relationship with Defendant would be based upon good faith and performance (merit), qualifications and seniority, and that employees would be treated fairly and equitably, receiving just compensation for their services rendered to Defendant, and would not be terminated except for cause and without justification for discipline or discharge, and after conduction of a reasonable investigation, after providing fair and reasonable notice, an opportunity to correct deficiencies, and the application of progressive discipline. These provisions and representations contained in the Defendant's Employment Agreements, Employment Handbook, past practices, personnel policy and procedure communications, and employee guidelines, all form part of Plaintiff's express employment contracts with Defendant.

33. Prior to Plaintiff's termination by Defendant, Plaintiff had performed all conditions, covenants, promises, duties and responsibilities required of Plaintiff to be performed in accordance and conformity with their employment contracts.

34. On June 7, 2004, Defendant breached Plaintiff's employment contracts and wrongfully terminated Plaintiff in violation of its representations described above, and thereafter wrongfully terminated Plaintiff from Defendant's employ.

35. As a proximate result of Defendant's actions, Plaintiff has suffered and continue to suffer substantial losses in earnings, job experience, and other employee benefits that they would have received absent Defendant's breach, in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION FOR
## WRONGFUL DISCHARGE

36. Plaintiff repeats and realleges each and every previous paragraph of this Complaint as though fully set forth here at length.

37. The above-described actions of Defendant constitute a wrongful discharge entitling Plaintiff to general, compensatory, and punitive damages proximately caused by said actions, in amounts according to proof at trial.

## SIXTH CAUSE OF ACTION FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff repeats and realleges each and every previous paragraph of this Complaint as though fully set forth here at length.

39. Defendants, in committing the above-described acts, intended to, and did, inflict severe emotional distress upon Plaintiff. Defendant acted with a reckless disregard for the probability of causing emotional distress to Plaintiff.

40. As a direct result of the outrageous acts and omissions and conduct by Defendant against Plaintiff, Plaintiff became physically distraught an sustained shock to their nervous system an suffered severe emotional distress, all resulting in damages to Plaintiff in an amount to be proven at trial.

## PRAYER

WHEREFORE, Plaintiff prays for relief against the Defendant(s) as follows:

1. For all Counts, for General and Special Damages in an amount to be proven at trial;

2. For costs of suit, attorney fees, and pre-judgment interest as provided for in 42 U.S.C. § 2000e-5(k); and

3. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: 10/1/05

LAW OFFICES OF MARK E. WILLIAMS, P.C.

By: _____
MARK WILLIAMS, Esq.
Attorneys for Plaintiff

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

**05-00029**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Eloison Galang

## DEFENDANTS
Foremost Foods, et. al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Guam
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Guam
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of Mark E. Williams, P.C.
201 Iris Bldg, 315 S. Marine Dr.
Tamuning, Guam 96913
671-647-LAWS (5297)

ATTORNEYS (IF KNOWN)

RECEIVED
OCT - 3 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / **HABEAS CORPUS:** |  | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC s 2000; Title VII C.R.A. of 1991, Wrongful Discharge

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE

DOCKET NUMBER

DATE: 10-1-05

SIGNATURE OF ATTORNEY OF RECORD
Mark Williams, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____